IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| DUSTIN R. HARTMAN | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 13-6082-CV-SJ-HFS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Movant, Hartman, a prisoner sentenced by me in a criminal case, seeks relief from his sentence under 28 U.S.C. § 2255. As stated by the Government in its response (Doc. 5), he is serving the minimum sentence of 120 months under his guilty plea in a methamphetamine case involving more than 50 grams of the controlled substance.

The claimed grounds for relief (Doc. 1) are ineffective assistance of counsel (1) in failing to file an appeal as directed by movant, (2) failing to object to a harsher sentence than more culpable co-defendants, (3) failing to object to unwarranted career criminal status, and (4) failing to seek a downward departure as a minor participant with dependents. Because movant was given a statutory minimum sentence, and his classification as a career offender did not affect the sentence, the only issue to be considered is the failure to appeal.

Affidavits have been filed by movant's counsel in the district court. Counsel states that he explained the waiver of appeal in the plea agreement but advised he would file a notice if requested. He states that movant did not request such a filing and expressed satisfaction with the sentence. Doc. 5-1.

Although movant was directed to reply to the Government's response he has not done so.

Under the circumstances, vacating the sentence for resentencing would not be helpful to movant. He would necessarily be resentenced to the minimum sentence of 120 months. No grounds for appeal have been suggested, but there is an open issue of whether I may accept counsel's representations regarding the failure to appeal, as contrasted with the unexplained conclusory claim that an appeal was "directed by movant." The circumstances of this case permit me to accept the word of counsel rather than the wording of movant in his motion, which he has failed to explain in a reply. He has perhaps now recognized his error (without saying so).

Unlike summary judgment practice in civil cases, the court is free to resolve some contested factual issues on the written record, without holding a hearing. As stated by the Supreme Court in the leading case on this subject, "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as contentions that in the face of the record are wholly incredible." Blackledge v. Allsion, 431 U.S. 63, 74 (1977). Contested allegations by a prisoner seeking relief cannot be accepted as true when "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003). I realize, however, that considerable caution should be used in resolving fact issues without a hearing.

At the sentencing proceeding in this case, when movant was called upon to address the court, he said, "I'm good. I just hope I can get the 120 …" In light of his

attorney's affidavit, and movant's failure to contest the statement of counsel, it is incredible to suppose that he directed counsel to appeal the 120 month sentence, as his petition asserts in a conclusory statement. If one can imagine he reconsidered within the time to appeal and sent a message to counsel requesting an appeal, nothing before the court supports that speculation, and I am satisfied from the record that a senseless appeal was never requested.

The motion for relief from the sentence (Doc. 1) is therefore DENIED. No certificate of appeal will be issued.

SO ORDERED

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November 15, 2013

Kansas City, Missouri